ORIGINAL

# In the United States Court of Federal Claims

FILED
APR 2 2 2016
U.S. COURT OF
FEDERAL CLAIMS

No. 15-1151 T
(Filed April 22, 2015)

| | |
|---|---|
| SHAHIR MEHDI GHAFFARI, ) | |
| Plaintiff, ) | Subject Matter Jurisdiction; Privacy |
| v. ) | Act; Bivens Actions; 28 U.S.C. § 2201; |
| ) | 26 U.S.C. § 7431; Pro Se Corporate |
| THE UNITED STATES, ) | Representation. |
| Defendant. ) | |

*Shahir Mehdi Ghaffari*, Cupertino, CA, *pro se*.

*Blaine G. Saito*, United States Department of Justice, Tax Division, with whom were *Caroline D. Ciraolo*, Acting Assistant Attorney General, *David I Pincus*, Chief, Court of Federal Claims Section, and *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, Washington, DC, for defendant.

## OPINION

**Merow**, *Judge*.

On October 8, 2015, plaintiff filed a complaint alleging various instances of mistreatment by the Internal Revenue Service. *See* Doc. 1. Plaintiff asserts three claims: "(1) damages for violation of 5 U.S.C. § 552a (the Privacy Act of 1974); (2) damages against the Defendants under 'Bivens', and injunctive and declaratory relief against the IRS and Treasury Department pursuant to 28 U.S.C. §§ 2201 and 2202, for violation of the First and Fifth Amendments; and (3) damages under 26 U.S.C. § 7431 for violation of 26 U.S.C. 6103 (for inspection and disclosure of return information)." *Id.* at 5.

The government contends that this court lacks jurisdiction to entertain any of plaintiff's claims, and moves the court to dismiss the case in its entirety. *See* Doc. 7. For the following reasons, the court agrees with the government's position.

# ANALYSIS

The Court of Federal Claims is a court of limited jurisdiction, the scope of which is set out by the Tucker Act:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Plaintiff must, as a threshold matter, carry the burden of establishing this court's jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence").

## I.   Privacy Act Claims

The first claim over which the plaintiff asks the court to assert jurisdiction allegedly arises from the Privacy Act. Plaintiff takes the position that he is entitled to both injunctive relief and monetary damages as a result of the government's unduly-burdensome or improper requests for documents and information relating to past tax years. *See* Doc. 1 at 15-20. The Federal Circuit has clearly held, however, that this court lacks jurisdiction to consider Privacy Act claims. *See Bush v. United States*, 627 F. App'x 928, 930 (Fed. Cir. 2016) (citing *Treece v. United States*, 96 Fed. Cl. 226, 232 (2010)). *See also Conner v. United States*, Case No. 1:15-cv-5107, 2016 WL 125289, at *2 (Fed. Cir. Jan. 12, 2016). Therefore, plaintiff's Privacy Act claim is dismissed for lack of jurisdiction.

## II.   Bivens Actions

Plaintiff alleges, in the second count of his complaint, that certain federal officials are personally liable to him for violations of his constitutional rights on the theory established by the Supreme Court of the United States in *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Doc. 1 at 20-23. As the Federal Circuit has clearly explained, this court lacks jurisdiction to consider *Bivens* claims:

> In *Bivens*, the Supreme Court held that a party may, under certain circumstances, bring an action for violations of constitutional rights against Government officials in their individual capacities. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials. 28 U.S.C. § 1491(a). Thus, the *Bivens* actions asserted by appellants lie outside the jurisdiction of the Court of Federal Claims.

*Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). On this basis, plaintiff's *Bivens* claims alleged against any individual for violating his constitutional rights are dismissed for lack of jurisdiction.

In the penultimate paragraph of this second count, plaintiff also states that "the Internal Revenue Service, the department of Treasury, committed the same constitutional violations," and seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. Section 2201 states:

> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

> (b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act, or section 351 of the Public Health Service Act.

And 28 U.S.C. § 2202 expands on the authority granted in § 2201: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

3

Not only does the court fail to see how these sections relate to the allegations in plaintiff's complaint, long-standing precedent establishes this court lacks jurisdiction to act under them. *See Pub. Serv. Co. of Colorado v. United States*, 2 Cl. Ct. 380, 382 (1983) ("[T]he Claims Court lacks the power to award declaratory judgments under 28 U.S.C. § 2201."). Any claims based on 28 U.S.C. §§ 2201 or 2202 are dismissed for lack of jurisdiction.

### III. Violations of 26 U.S.C. § 6103

In the final count of the complaint, plaintiff alleges that the government violated its duty under 26 U.S.C. § 6103 to keep all information associated with his tax returns confidential. *See* Doc. 1 at 23-25. Taxpayers may assert a civil claim for damages resulting from a violation of § 6103 "in a district court of the United States." 26 U.S.C. § 7431(a)(1). The Court of Federal Claims is not a district court, and thus, is not empowered to consider plaintiff's claims. *See Taylor v. United States*, 616 F. App'x 423, 425 (Fed. Cir. 2015); *Calhoun v. United States*, 32 Fed. Cl. 400, 407 (1994), *aff'd*, 61 F.3d 918 (Fed. Cir. 1995). Plaintiff's third count is, therefore, dismissed for lack of jurisdiction.

### IV. Claims asserted on behalf of plaintiff's company

Throughout the complaint, plaintiff repeatedly asserts claims on behalf of himself and "his associated startup company," or "his associated company." *See, e.g.*, Doc. 1 at 1, 3, 8, 15, 22. He also, at one point, states that he is bringing this lawsuit on his own behalf and "for the putative class." *See id.* at 5. Because he makes no mention of other potential class members, or any sort of general injury, the court assumes that plaintiff refers to himself and his company together as the "putative class." As the court has explained, it has no jurisdiction to hear plaintiff's claims. The court also notes that, as a *pro se* litigant, plaintiff is not entitled to assert claims on behalf of a corporation or other entity. *See* RCFC 83.1(a)(3) ("An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court.").

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is, hereby, **DISMISSED** in its entirety.

**SO ORDERED.**

_____
James F. Merow,
Senior Judge